IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANDREW KATRINECZ and DAVID BYRD<br>　　　Plaintiffs,<br><br>v.<br><br>ZIPPY TECHNOLOGY CORP., and ZIPPY USA, INC.,<br>　　　Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 2:08-cv-00048 -TJW |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Emergency Motion to Stay (Dkt. No. 51) and related briefing (Dkt. No. 53, 59, and 61). Defendants move the Court to stay this case in its entirety until the Order of Rehabilitation of Atlantic Mutual Insurance Company entered by the Supreme Court of the State of New York has been lifted. (Dkt. No. 51-1 at 4-8). After carefully considering the parties' written submissions, Defendants' motion to stay is DENIED.

**I.　Background**

On February 5, 2008, Plaintiffs Andrew Katrinecz and David Byrd filed a complaint alleging that Defendants had previously infringed and were continuing to infringe United States Patent 6,199,996 and 7,284,872. (Dkt. No. 1). Plaintiffs also allege that Defendants were distributing, marketing, and using documentation that was substantially similar to copyrighted information authored by Plaintiffs. Plaintiffs' complaint also included a demand for a jury trial on all issues and claims. On June 12, 2008, Defendants answered the complaint (Dkt. No. 10) and a Docket Control Order (Dkt. No. 22) and Discovery Order (Dkt. No. 21) was subsequently

entered on December 18, 2008. The Claim Construction Hearing for this case is set for March 18, 2011, with the discovery deadline for claim construction issues set for January 7, 2011.

On September 23, 2010, Defendants filed an Emergency Motion to Stay (Dkt. No. 51) contending that the Order of Rehabilitation of Atlantic Mutual Insurance Company ("New York Order") entered by the Supreme Court of the State of New York enjoins and restrains Defendants from taking actions in litigation proceedings where Atlantic Mutual is obligated to defend a party. Specifically, the New York Order states:

> All parties to actions, lawsuits or special or other proceedings ("Litigation") in which Atlantic Mutual is obligated to defend a party pursuant to an insurance policy, bond, contract or otherwise are enjoined and restrained from prosecuting, advancing or otherwise taking any action within such Litigation, including but not limited to trials, hearings, conferences or other court proceedings, applications or other requests to the court of any nature, proceedings on defaults, settlements or judgments, service of documents, motions, discovery or any other litigation tasks or procedures for a period of 180 days from the date of entry of this Order;

New York Order at para. 11. The New York Order was entered on September 14, 2010 and Defendants represented to the Court that they learned about the stay provision on September 20, 2010. Additionally, Defendants represented to the Court that Atlantic Mutual is obligated to insure and defend Defendants even though Defendants have not produced an insurance policy evidencing this obligation. (Dkt. No. 59 at 7). Notwithstanding, Defendants move the Court to stay this case based on the Full Faith and Credit Clause of the U.S. Constitution, principles of comity, and general notions of equity.

**II.    Discussion and Analysis**

It is a well-established rule that "it is not within the power of state courts to bar litigants from filing and prosecuting *in personam* actions in the federal courts." *General Atomic Co. v. Felter*, 434 U.S. 12, 12 (1977) (citing *Donovan v. Dallas*, 377 U.S. 408 (1964)). This conclusion

is based on the premise that "the right to litigate in federal court is granted by Congress and, consequently, 'cannot be taken away by the State.'" *Felter*, 434 U.S. at 16 (quoting *Donovan*, 77 U.S. at 413). Thus, the proper analysis is one conducted under the Supremacy Clause of the U.S. Constitution and not the Full Faith and Credit Clause as purported by Defendants. Specifically, by enacting 28 U.S.C. §1338(a), Congress has conferred on the district courts "[exclusive] original jurisdiction of any civil action arising under any Act of Congress relating to patents." *See, e.g., Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 n.10 (2009). In other words, under the Supremacy Clause of the U.S. Constitution, Plaintiffs' right to pursue their federal claims cannot be taken away by the New York Order. *See, e.g., Felter*, 434 U.S. at 15 (concluding that the New Mexico Supreme Court's interpretation of *Donovan* was untenable and in direct conflict with the Supremacy Clause of the Constitution).

To be sure, Defendants fail to provide the Court with any case in which an *in personam* action against the policy holder was stayed by a federal court as a result of a state rehabilitation proceeding involving the policy holder's insurer. Instead, Defendants cite to numerous cases where either one state court order is enforced in another state court, or a state court order is enforced in a federal court when the insurer is a party to both the federal and state proceedings. For example, in *Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Assoc*, 455 U.S. 691, 693 (1982), a North Carolina State Court refused to honor the Final Order of the Indiana State Rehabilitation Court. Reversing the North Carolina Court of Appeals, the Supreme Court concluded that the Indiana Order was entitled to full faith and credit because the North Carolina guaranty association participated in the Indiana rehabilitation proceeding and was barred from raising arguments it failed to raise during the proceedings. *Underwriters*, 455 U.S. at 709. Similarly, the Texas Supreme Court in *Bard v. Charles R. Myers*

*Ins. Agency. Inc.*, 839 SW.2d 791, 795 (Tex. 1992), granted full faith and credit to a Vermont final liquidation order when one of the insurer's underwriters filed a counterclaim in a Texas state court. Similar to *Underwriters*, the underwriter's counterclaim was against the insurer's pre-receivership management who appealed the Vermont final liquidation order. *Bard*, 839 S.W.2d at 793. In contrast to the cases cited by the Defendants, Atlantic Mutual is not a party to the present case, but instead is the insurance provider for Defendants. Simply stated, while Defendants may be subject to the New York Order, this Court and Plaintiffs' federal claims are not subject to the New York Order.

To that end, Defendants argue that the New York Order "does not purport to restrain this court. Rather, it has enjoined the parties, not this court, from advancing the litigation. Thus, there is no conflict with cases holding that state courts cannot restrain federal courts." (Dkt. No. 59 at 3). This very argument was addressed and rejected by the Supreme Court in *Donovan*. Specifically, the Supreme Court stated that it does not matter if the prohibition is addressed only to the parties rather than to the federal court itself; the end result is the same and "state courts are completely without power to restrain federal-court proceedings in *in personam* actions." *Donovan*, 377 U.S. at 413. Thus, Defendants interpretation of *Donovan* and its application to the present facts is untenable and rejected by the Court.

The Court, however, does agree with Defendants that the *Burford* Abstention Doctrine does not apply because there is not a parallel state court proceeding regarding the federal question claims that would disrupt state efforts to form a coherent state patent policy. *Burford v. Sun Oil Co.*, 319 U.S. 315, 333-334 (1943); *Republic Bank Dallas, Nat'l Assoc. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) ("We define [parallel] actions as those 'involving the same parties and the same issues.'") (quoting *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th

4

Cir.1973)). Indeed, jurisdiction over the patent claims at issue lies exclusively within the federal court system so there cannot be a parallel state court proceeding. 28 U.S.C. §1338(a). Moreover, if this case were to be resolved against Defendants, it would only establish another obligation owed by Atlantic Mutual and would not harm the process of receivership. *See, e.g., Jones v. Hoel*, 211 F.Supp.2d 823, 828 (E.D. Tex. 2002) ("Furthermore, refusal to enter a stay in the present case would not undermine the receivership action in Pennsylvania. If the case were to be resolved against PHICO's insureds, it would only establish another obligation owed by PHICO, it would not harm the process of receivership.").

Likewise, the principle of comity does not apply because the New York State Court neither has concurrent powers to decide patent claims nor was it already cognizant of the claims at issue in this case. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) ("[T]he doctrine of comity, which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'") (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)). Given that the Full Faith and Credit Clause of the U.S. Constitution, principles of comity, and the *Burford* Abstention Doctrine are not applicable in the present case, the Court turns to Defendants' equity arguments.

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Courts typically consider three things when deciding whether to stay litigation: "(1) whether a stay will unduly prejudice or present a clear tactical

disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662. Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors in light of a party's federal right to a "just, speedy and inexpensive determination" of their claims. FED. R. CIV. P. 1.

First, Defendants contend that denying the stay would be unduly prejudicial to Defendants because any legal work done during the rehabilitation period will not be reimbursed without the rehabilitator's prior approval. As a reminder, Defendants are the moving party and this factor looks to determine whether the nonmoving party would be unduly prejudiced or suffer from a clear tactical disadvantage. To that end, Defendants were the ones who selected their insurer and it is not Plaintiffs' fault that Defendants' insurer is now insolvent. Indeed, "to stay the case at bar would create a severe impact on federal cases that relate only tangentially to the business of insurance." *Hoel*, 211 F.Supp.2d at 828. Thus, allowing Defendants to control Plaintiffs' right to pursue their federal claim based on Defendants' unilateral choice of insurer would create a tactical disadvantage to Plaintiffs—the nonmoving party.

Second, staying the case will neither simplify the issues in question nor simplify the trial of the case. The reason the Defendants have moved the Court to stay the case has nothing to do with the merits of the patent and copyright infringement claims. Instead, Defendants' reasons for staying the case relate entirely to who is responsible for paying the cost to defend the case. Determining this issue is unrelated to the merits of the patent and copyright claims and will not simplify the issues presented at trial. Again, Defendants' insurer Atlantic Mutual is not a party to the present suit.

Finally, although discovery is not yet complete, the Claim Construction Hearing is set for

March 18, 2011, with the discovery deadline for claim construction issues set for January 7, 2011. This means that the discovery deadline relating to claim construction is less than 74 days away and the claim construction hearing is less than 143 days away. The New York Order enjoins and restrains Defendants from taking actions in litigation proceedings for 180 days from September 14, 2010. Based on this 180 day requirement, Defendants move the Court to stay the case at least until March 13, 2011. This would unquestionably impact the Claim Construction Hearing set for March 18, 2011 and naturally would impact the trial date. In short, Plaintiffs filed their complaint in February of 2008 and have a constitutional right to pursue their federal claims without interference from the New York Order.

### III. Conclusion

After reviewing and applying the Supreme Court's holding in *Donovan*, as well as the other relevant case law, the Court exercises its discretion and concludes that a stay is not warranted. The Court therefore DENIES Defendants' Emergency Motion to Stay.

SIGNED this 26th day of October, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE